NL INDUSTRIES, INC.

v.

KOOMEY, INC., et al. (Three Cases)

NL INDUSTRIES, INC.

v.

STEWART & STEVENSON OIL TOOLS, INC., et al.

KOOMEY, INC., et al.

v.

William Michael KOEN, et al.

Civ. A. Nos. H–81–3102, H–82–824, H–82–3672, H–83–649 and H–83–1849.

United States District Court,
S.D. Texas,
Houston Division.

Feb. 3, 1984.

James B. Gambrell, Pravel, Gambrell, Hewitt, Kirk & Kimball, Houston, Tex., for NL Industries, Inc.

William D. Harris, Jr., Richards, Harris & Medlock, Dallas, Tex., Gustave S. Levey, Houston, Tex., for Koomey, Inc.

ORDER

NORMAN W. BLACK, District Judge.

Pending before this Court are two motions: (1) Plaintiff's motion under Rule 26(c) for resolution of dispute over claims of privilege and (2) Defendant Stewart & Stevenson's motion for protective order. The dispute which is the subject of these motions involves conflicting claims by the parties on the application of the attorney/client privilege to testimony relating to the '549 patent, the subject of this lawsuit. In particular, the dispute involves the extent of testimony allowed from Mr. William A. Stout and Mr. Henry Hope, *inter alia*, of the firm of Fulbright & Jaworski regarding information relating to the '549 patent obtained before 1978 on behalf of Stewart & Stevenson, and any matters involved in their representation of Paul Koomey, another Defendant herein.

Plaintiff asserts that full disclosure should be made of all facts and opinions surrounding the preparation, filing and prosecution of the patent applications of the '549 patent. Plaintiff further asserts that any existing attorney client privilege was assigned along with the assignment of the patent. Defendants claim they retain the privilege, and that the attorney/client privilege applies.

After examining the briefs filed by the parties, and the applicable law thereto, this Court is of the opinion that the transfer and assignment of the patent does not also transfer the attorney/client privilege. There is also no evidence in the record that the privilege was ever waived. This Court finds that Mr. Stout and the attorneys at Fulbright & Jaworski do not have to testify to anything which passed between them, Mr. Paul Koomey, or Stewart & Stevenson which involved asking for or giving legal advice. It is therefore

ORDERED, ADJUDGED, and DECREED that Stewart & Stevenson's motion for protective order is GRANTED.